THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:03-CR-80-FL
NO. 4:09-CV-205-FL

| | |
|---|---|
| MICHAEL RAY ANDERSON, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA ) <br> ) <br> Respondent. ) <br> _____ ) | **MEMORANDUM AND RECOMMENDATION** |

This cause comes before the Court upon the Government's Motion to Dismiss (DE-74) Petitioner's second motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody ("Motion to Vacate") (DE-71). Petitioner has filed a response (DE-77) and the Government's Motion to Dismiss is now ripe for adjudication. Pursuant to 28 U.S.C. 636(b)(1) this matter is before the undersigned for the entry of a Memorandum and Recommendation. For the following reasons, it is HEREBY RECOMMENDED that the Government's Motion to Dismiss (DE-74) be GRANTED and that Petitioner's Motion to Vacate (DE-71) be DENIED.

**I. Background**

On November 12, 2003, Petitioner was indicted on one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924 (DE-1). On August 17, 2004, Petitioner initially entered a plea of not guilty to the count. However,

Petitioner later changed his plea to guilty (DE-25). Nonetheless, on January 21, 2005, Petitioner moved to withdraw his guilty plea (DE-28). That motion was denied on April 19, 2005. In his Plea Agreement, Petitioner agreed to:

> waive any right to contest the conviction or sentence in any postconviction proceeding, including any proceeding under 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea
> (DE-25).

Petitioner filed his first Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody on May 22, 2006 (DE-42). In his first motion, Petitioner argued that he received ineffective assistance of counsel. This Court dismissed Petitioner's first motion under 28 U.S.C. § 2255 on October 20, 2006 (DE-51). On November 3, 2006, Petitioner filed a Notice of Appeal for his first 2255 motion (DE-53). The U.S. Court of Appeals for the Fourth Circuit denied Petitioner a certificate of appealability and dismissed his appeal on March 6, 2007 (DE-55).

The instant Motion to Vacate was deposited in the mail on or about November 25, 2009 and was received by this Court on November 30, 2009 (DE 71-2).

## II. Legal Standards

### A. Motion to Dismiss

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of a complaint. Such a motion to dismiss should not be granted unless it appears certain that plaintiff can prove no set of facts that would support his claim and entitle

him to relief.  *See* Mylan Laboratories v. Matkari, 7 F.3d 1130, 1134  (4th Cir. 1993).  When considering a motion to dismiss, the court assumes that the allegations of the complaint are true and construes them in a light most favorable to the plaintiff.  *See* Jenkins v. McKeithen, 395 U.S. 411, 421 (1969);  GE Investment Private Placement Partners II v. Parker, 247 F.3d 543, 548 (4th Cir. 2001).  Petitioners, as a *pro se* litigants, are entitled to have their pleadings construed more liberally than those drafted by attorneys.  *See* Haines v. Kerner, 404 U.S. 519 (1972).  Nevertheless, there are limits to which the court may legitimately go in construing such complaints. *See* Beaudett v. City of Hampton, 775 F.2d 1274, 1277-78 (4th Cir. 1985).

**B.  28 U.S.C. § 2255**

Title 28 U.S.C. § 2255 requires a petitioner to prove by a preponderance of the evidence that his "sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law."  28 U.S.C. § 2255(a).

"In a §2255 proceeding, the burden is on the petitioner to prove his allegations by a preponderance of the evidence, not on the government to disprove them."  Abdul-Aziz v. United States, 2008 WL 4238943, *5 (N.D.W.Va. Spt. 12, 2008) (unpublished decision) (citing Sutton v. United States v. United States, 2006 WL 36859, * 2 (E.D.Va. Jan. 4, 2006) (unpublished decision)); see also, Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958) (stating that during a "proceeding under 28 U.S.C. § 2255 . . . the burden of proof is upon petitioner to establish [his claim] by a preponderance of evidence . . .").

Claims under 28 U.S.C. § 2255 are subject to a one-year statute of limitations.  28

U.S.C. § 2255(f). This limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
> 28 U.S.C. § 2255(f)(1-4).

In Clay v. United States, 537 U.S. 522 (2003), the Supreme Court held that "for federal criminal defendants who do not file a petition for certiorari with this Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires." Clay, 537 U.S. at 537.

Furthermore, the Antiterrorism and Effective Death Penalty Act (AEDPA) amended 28 U.S.C. § 2255 so as to set forth procedural requirements regarding successive applications for collateral review. Under the AEDPA amendments to 28 U.S.C.A. § 2255, a "second or successive" § 2255 motion to vacate a sentence may not be filed in the district court unless the movant has received permission to do so from the appropriate court of appeals. In re Taylor, 171 F.3d 185, 187 (4th Cir. 1999). In the absence of pre-filing authorization from a court of appeals, a district court lacks jurisdiction to consider any claim. United States v. Winestock, 340 F.3d 200, 205-207 (4th Cir. 2003).

4

### III.  Analysis

The Fourth Circuit Court of Appeals entered its Judgment dismissing Petitioner's direct appeal and issued its Mandate on March 3, 2006 (DE 's 48 & 49).  Petitioner did not file for certiorari with the Supreme Court. Therefore, the § 2255 one-year limitation period applicable to Petitioner started to run on June 1, 2006, 90 days after entry of the Court of Appeals' Judgment on March 3, 2006.  Petitioner did not file the instant § 2255 motion until November 30, 2009.   Therefore, Petitioner's motion is beyond the § 2255 limitation period ending June 1, 2007

Moreover, the record in this case does not reflect, nor has Petitioner alleged, that certification has been issued by a panel of the appropriate court of appeals. Accordingly, this Court lacks jurisdiction to hear the claim.  Winestock, 340 F.3d 200, 205-207 (4th Cir. 2003).

In short, this Court lacks jurisdiction to hear Plaintiff's claims because: 1) they are time-barred; and 2) no certification permitting a successive petition has been issued.

## IV. Conclusion

For the aforementioned reasons, it is HEREBY RECOMMENDED that the Government's Motion to Dismiss (DE-74) be GRANTED and that Petitioner's Motion to Vacate (DE-71) be DENIED.

SO RECOMMENDED in Chambers at Raleigh, North Carolina this 10th day of February, 2010.

_____
William A. Webb
U.S. Magistrate Judge