IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 4:03-CR-80-FL
NO. 4:09-CV-205-FL

| | | |
|---|---|---|
| MICHAEL RAY ANDERSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter comes before the court on petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (DE # 71) and respondent's motion to dismiss (DE # 74). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge William A. Webb entered a memorandum and recommendation ("M&R") wherein he recommends that the court grant the government's motion to dismiss and deny petitioner's motion to vacate (DE # 78). Petitioner objected, and the government did not respond. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court adopts the recommendation of the magistrate judge, grants the government's motion, and dismisses the petition.

## BACKGROUND

On August 17, 2004, petitioner entered a plea of not guilty to the charge of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924. On September 28, 2004, petitioner changed his plea to guilty pursuant to a plea agreement. Petitioner then moved to withdraw his guilty plea on January 21, 2005. On April 19, 2005, the court denied petitioner's

motion to withdraw his plea and sentenced petitioner to a term of one hundred eighty-four (184) months imprisonment. The Fourth Circuit affirmed in part and dismiss in part on February 6, 2006, finding that this court did not err in denying petitioner's motion to withdraw his guilty plea and that in the plea agreement he knowingly and voluntarily waived his right to appeal his sentence. See United States v. Anderson, 164 F. App'x 446 (4th Cir. 2006) (per curiam).

On May 22, 2006, petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Petitioner alleged that his guilty plea was not knowing and voluntary and that his trial counsel was ineffective for advising him to enter into a guilty plea. Petitioner also alleged that this court erred by denying his motion to withdraw his guilty plea. On October 20, 2006, this court dismissed petitioner's § 2255 petition because he could not meet the ineffective assistance of counsel test in Strickland v. Washington, 466 U.S. 668 (1984), and because his claims regarding his guilty plea were foreclosed by the Fourth Circuit's decision on direct review. On March 6, 2007, the Fourth Circuit dismissed petitioner's appeal. United States v. Anderson, 220 F. App'x 174 (4th Cir. 2007) (per curiam).

On November 30, 2009, petitioner filed the instant motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. Petitioner states four grounds for relief. First, he alleges that one of his state convictions has been expunged. Second, he challenges the consolidation of his prior convictions. Third, he alleges that he received ineffective assistance of counsel. Fourth, he challenges the application of the armed career criminal enhancement in his sentencing. On January 20, 2010, respondent filed a motion to dismiss, arguing that his § 2255 petition is barred as second or successive. Alternatively, respondent argues that the petition is time-barred. Petitioner filed a response on February 2, 2010.

The matter was referred to the magistrate judge for M&R. On February 9, 2010, the magistrate judge found that petitioner's motion was both time-barred and barred as second or successive motion under § 2255. Petitioner objected to the M&R on March 4, 2010. In his objection, petitioner argues the merits of his claims and does not address timeliness or the fact that his petition is a second or successive motion pursuant to § 2255.

## DISCUSSION

The court may "designate a magistrate judge to submit . . . proposed findings of fact and recommendations for the disposition" of a variety of motions, including those presented for decision here. 28 U.S.C. § 636(b)(1)(B). The district court reviews *de novo* those portions of a magistrate judge's M&R to which specific objections are filed. Id. § 636(b). The court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c).

Petitioner's objections, filed almost a month after entry and service of the M&R, are not timely. See Fed. R. Civ. P 72(b)(2) (requiring a party to serve and file objections within fourteen (14) days of being served with a copy of the M&R). Even if the court excuses this tardiness under a theory of excusable neglect, petitioner's objections are directed to the underlying merits of his § 2255 motion rather than the magistrate judge's analysis of respondent's defenses based on the

3

statute of limitations and the bar on successive § 2255 motions. These objections fail to "direct the court to a specific error in the magistrate's proposed findings and recommendations," and as such the M&R is reviewed for clear error. Orpiano, 687 F.2d at 47.

The magistrate judge concluded that petitioner's action was time-barred by the one-year limitations period imposed by 28 U.S.C. § 2255(f). The magistrate judge found that this limitations period began to run on June 1, 2006, the date on which petitioner's time to file a petition for certiorari with the Supreme Court challenging the Fourth Circuit's determination on direct review expired. See Clay v. United States, 537 U.S. 522, 532 (2003). Alternatively, the magistrate judge found that this court lacked jurisdiction over petitioner's action because petitioner had neither sought nor received certification from the Fourth Circuit to bring a second or subsequent § 2255 motion. See generally United States v. Winestock, 340 F.3d 200 (4th Cir. 2003). The magistrate judge did not err in reaching these conclusions. As such, the court adopts the M&R in full for the reasons given by the magistrate judge, and dismisses the petition.

The court now must determine whether petitioner is entitled to a certificate of appealability. The Federal Rules of Appellate Procedure provide in pertinent part that a § 2255 movant "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). An applicant satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court likewise is debatable. See Miller-El

4

v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001).

Petitioner has failed to meet the requirements for a certificate of appealability. The court properly has dismissed petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 for the reasons presented by the magistrate judge, and petitioner has failed to make a "substantial showing" of the denial of a constitutional right. Petitioner has not shown that reasonable jurists would find the court's dismissal of his action debatable. Therefore, the court denies petitioner a certificate of appealability.

## CONCLUSION

For the foregoing reasons, upon a careful and considered review of the record, the court ADOPTS as its own the magistrate judge's findings and recommendation (DE # 78). Respondent's motion to dismiss (DE # 74) is GRANTED, and petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (DE # 71) is DISMISSED. The certificate of appealability is DENIED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 25th day of October, 2010.

LOUISE W. FLANAGAN
Chief United States District Judge